**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3038
_____

UNITED STATES OF AMERICA

v.

DUSTIN MILLER,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 4:10-cr-00023-001)
District Judge: Hon. James F. McClure

Submitted January 27, 2011

Before: FUENTES, CHAGARES, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: April 11, 2011)

_____

OPINION
_____


CHAGARES, <u>Circuit</u> <u>Judge</u>.

Dustin Miller appeals the sentence imposed upon him by the District Court after

he pleaded guilty to one count of assault with a deadly weapon in violation of 18 U.S.C. §

113(a)(3). His attorney has filed a motion to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For the reasons set forth below, we will grant the motion to withdraw and affirm the sentence.

I.

Because we solely write for the benefit of the parties, we will only briefly summarize the essential facts. Following Miller's plea of guilty, the Probation Office prepared a Presentence Investigation Report ("PSR"), which calculated an advisory guidelines offense level of eighteen and a criminal history category of three. The PSR's criminal history category calculation included a one-point increase under U.S.S.G. § 4A1.1(e) because the assault to which Miller pleaded guilty occurred while he was in prison on another offense. The PSR thus arrived at an advisory guidelines sentence range of 33-41 months.

Miller objected to the PSR, arguing that (1) the court should not apply the one-point enhancement for commission of the offense while in prison because the United States Sentencing Commission had recently voted to amend the Guidelines by deleting this enhancement, (2) the court should not grant an upward departure based on the inadequacy of his criminal history category, and (3) the court should grant a downward variance pursuant to 18 U.S.C. § 3553(a). Miller reiterated these objections at sentencing.

The District Court overruled the first objection, stating that the amendment was not yet effective and that Miller's criminal history category would remain unchanged, even if the one-point increase were not applied. As to Miller's second objection, the

District Court noted that the Government had not argued for an upward departure and that it would not apply one. And, finally, as to Miller's request for a downward variance, the District Court stated that, in spite of the Government's argument in favor of a sentence of 33 months' imprisonment, it found a sentence of 36 months' imprisonment to be necessary to provide "appropriate deterrence in a prison setting to this type of assault." Appendix ("App.") at 69.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we exercise appellate jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a) (2010); see also Anders, 386 U.S. at 744. We exercise plenary review in ascertaining whether an appeal is wholly frivolous. In this regard, our inquiry is twofold: first, we ask whether counsel has thoroughly examined the record for appealable issues and has adequately explained to the court why any such issues are frivolous; second, we ask whether an independent review of the record presents any non-frivolous issues. See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, we limit

our scrutiny to those parts of the record identified in the brief, as well as any issues asserted by the appellant in a pro se brief.[1] Id. at 301.

After a review of the Anders brief submitted in this case, we are convinced that Miller's attorney has "thoroughly examined the record in search of appealable issues," id. at 300, and has adequately explained why any issues arguably supporting the appeal are frivolous. Our independent review of the record confirms that the issues set forth by counsel are frivolous and that no other non-frivolous issues exist.

As counsel correctly points out, following an unconditional plea of guilty, a defendant is generally limited to three appealable issues: (1) the district court's power to enter the conviction or impose the sentence, (2) the validity of the defendant's plea, and (3) the reasonableness and legality of the resulting sentence. See United States v. Broce, 488 U.S. 563, 569 (1989); Menna v. New York, 423 U.S. 61, 62 n.2, 63 (1975) (per curiam); 18 U.S.C. § 3742(a).

First, there is no question with regard to the District Court's power to enter Miller's conviction and impose his sentence, as district courts have subject matter jurisdiction over all offenses against the laws of the United States. See 18 U.S.C. § 3231.

Second, Miller cannot meet his burden of establishing that the District Court failed to comply with the dictates of Boykin v. Alabama, 395 U.S. 238 (1969), in accepting his guilty plea. At the plea hearing, the District Court (1) explained the nature of the charge to which Miller was entering a plea, (2) warned Miller that by virtue of his guilty plea, he

---

[1] Miller was advised by the Court of his right to file a pro se brief, but has elected not to do so. Our review, therefore, is confined to the portions of the record identified in counsel's Anders brief.

was waiving his right to a trial by jury, at which the Government would have to prove him guilty beyond a reasonable doubt, and his right to be represented by counsel at that trial, (3) ensured that Miller understood the maximum penalty to which he could be subjected, (4) confirmed that Miller was satisfied with counsel's representation, (5) ensured that Miller's plea was voluntary and not the result of coercion or any promises, and (6) explained that the court alone would determine the proper sentence. App. at 37-44. The Government then set forth a factual basis for the guilty plea. App. at 44-48. On this record, there are no non-frivolous issues for appeal as to the validity of Miller's guilty plea.

Finally, there are no non-frivolous issues with regard to the legality and reasonableness of Miller's sentence. Pursuant to the mandate of United States v. Booker, "the courts of appeals review sentencing decisions for unreasonableness." 543 U.S. 220, 264 (2005). District courts must follow a three-step sentencing process:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors, in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (citations, quotations, and brackets omitted). With regard to the calculation of his guidelines sentence range, Miller

5

took issue only with the application of the one-point increase in his criminal history category calculation based upon U.S.S.G. § 4A1.1(e). As the District Court explained, however, the amendment on which Miller's argument relied did not take effect until after his sentencing hearing and, thus, the District Court was not obligated to take account of it in its calculations. See U.S.S.G. § 1B1.11(a). Moreover, even if the District Court had sustained Miller's objection to the application of this particular enhancement, it would have had no effect on his criminal history category.[2]

As to the third step in the sentencing process, we have made clear that a sentence "will be upheld as reasonable if the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. §3553(a)." United States v. Schweitzer, 454 F.3d 197, 204 (3d Cir. 2006) (internal quotation omitted). This "standard requires a deferential review of the record developed by the district court to determine whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicial consideration of the relevant factors." Id. Importantly, the procedural requirement that the sentencing court give meaningful consideration to the §3553(a) factors does not necessitate an explicit discussion and finding as to each individual factor, as long as the record makes clear that the court took the factors into account and applied them logically. United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006) (citations omitted). The sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has

---

[2] The PSR concluded that Miller had six criminal history points, which corresponds to a criminal history category of three. Five criminal history points similarly corresponds to a criminal history category of three.

6

a reasoned basis for exercising his own legal decision-making authority." Rita v. United States, 551 U.S. 338, 356 (2007) (citing United States v. Taylor, 487 U.S. 326, 336-37 (1988)).

A review of the record makes clear that there is no basis upon which to argue that the District Court's sentence was unreasonable. The District Court considered Miller's arguments in favor of a downward variance, as well as the Government's argument in favor of a sentence at the bottom of the guidelines range. The District Court then explained that, in arriving at its sentence, it had taken account of the factors set forth in § 3553(a) and determined that 36 months' imprisonment was necessary to provide "appropriate deterrence in a prison setting to this type of assault." App. at 69. The District Court having fully complied with the three-step sentencing procedure we set forth in Gunter, there is no non-frivolous basis upon which to argue that Miller's sentence was unreasonable.

## III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).